IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>DELL, INC.<br><br>    Defendant. | Civil Action No. 1:11-976-RGA<br><br>JURY TRIAL DEMANDED |
| ROUND ROCK RESEARCH, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>ACER, INC., ACER AMERICA CORPORATION, ACER AMERICAN HOLDINGS, INC., and GATEWAY, INC.<br><br>    Defendants. | Civil Action No. 1:11-977-RGA<br><br>JURY TRIAL DEMANDED |
| ROUND ROCK RESEARCH, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>LENOVO GROUP LTD., LENOVO HOLDING CO., and LENOVO (UNITED STATES) INC.<br><br>    Defendants. | Civil Action No. 1:11-1011-RGA<br><br>JURY TRIAL DEMANDED |

## SCHEDULING ORDER

This 9th day of March, 2012, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties or specifically addressed in this order, the parties shall be bound by the requirements and dates provided by the *Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")* (the "Default Discovery Standard"). The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **April 4, 2012**, which disclosure shall include the parties' "Initial Disclosures" pursuant to Paragraph 3 of the Default Discovery Standard.

    a. On or before **April 4, 2012**, and for each defendant, the plaintiff shall specifically identify the accused products by product model number, specifically identify any allegedly infringing components by manufacturer name and model number, and specifically identify the asserted patent(s) and claim(s) they allegedly infringe, and produce the file history for each asserted patent.

    b. On or before **May 18, 2012**, each defendant shall produce to the plaintiff defendant's core technical documents related to defendant's accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    c. On or before **July 13, 2012**, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by identifying specifically where each element of each asserted claim is found within each

accused product and, to the extent that any element is allegedly met by a component provided by a third party supplier to the Defendant, identifying the manufacturer name and the model number of the component.

    d.    On or before **September 7, 2012**, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

    2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed no later than **August 13, 2012**. Defendants may move to amend the pleadings to allege inequitable conduct on or before **March 1, 2013**.

    3.    <u>Discovery</u>.

    a.    <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before **June 28, 2013.**

    c.    <u>Document Production</u>.  Document production shall be substantially complete by **January 30, 2013.**

    d.    <u>Requests for Admission</u>.

A maximum of **40** requests for admission are permitted for plaintiff as to each defendant-group (i.e. Dell Inc., the Acer entities, and the Lenovo entities).  Defendant-groups may serve **20** common requests for admission as to plaintiff; each defendant-group is permitted to serve **20** defendant-group specific requests for admission as to plaintiff.

    e.    <u>Interrogatories</u>.

A maximum of **40** interrogatories, including contention interrogatories, are

permitted for plaintiff as to each defendant-group. All defendants may serve **20** common interrogatories as to plaintiff; each defendant-group is permitted to serve **20** defendant-group specific interrogatories as to plaintiff.

e. Depositions.

i. Limitation on Hours for Deposition Discovery.

The total number of **fact** deposition hours taken, including third party depositions, shall not exceed **600** hours by plaintiff, including no more than **200** hours as to any one defendant-group. Each Defendant-group is limited to **200 fact** deposition hours each, including third party depositions. All depositions are limited to **7** hours with only the following exceptions: (a) inventor depositions are limited to **14** hours each; and (b) each party may take no more than **35** hours of Rule 30(b)(6) testimony from any other party.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 26, 2013**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 30, 2013**. Reply expert reports from the party with the initial burden of proof are due on or before **September 20, 2013**. No other expert

reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall be completed no later than **November 15, 2013**.

    ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference. Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  4. <u>Application to Court for Protective Order</u>. Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before **October 19, 2012,** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **November 16, 2012.** The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in

issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs of 40 pages or less on claim construction issues on **December 14, 2012**. The parties' answering/responsive briefs of 40 pages or less shall be contemporaneously submitted on **January 30, 2013**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

9. <u>Hearing on Claim Construction</u>.

Beginning at 9:00 a.m. on **March 15, 2013**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 17, 2014**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference</u>. On **May 16, 2014**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m. In each related case, the parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. <u>Motions in Limine</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

- 9 -

15. <u>Trial</u>.

The first of the trials for these matters is scheduled for a **9** day jury trial beginning at 9:30 a.m. on **June 23, 2014**, with the subsequent trial days beginning at 9:30 a.m. The Court will determine before or at the pre-trial conference the preferred order of the trials for the related cases.

Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

Dated: March 9, 2012                    _____
                                         UNITED STATES DISTRICT JUDGE